IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUN SHAN PENG, | No. C 07-4797 MMC (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JAMES TILTON, Director of the California Department of Corrections; BEN CURRY, Warden, | |
| Respondent. | |

On September 18, 2007, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

In 1992, in the Superior Court of Santa Clara County, petitioner pled guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison. Petitioner did not appeal the conviction. In 2007, petitioner filed state habeas corpus petitions in the Superior Court, the California Court of Appeal, and the California Supreme Court, challenging the validity of his conviction. All of the state habeas petitions were denied.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims that his conviction for second degree murder is invalid for the following reasons: (1) he acted in self-defense; (2) the trial court erroneously ruled that his confession could be admitted against him; (3) he was incompetent to plead guilty; and (4) his attorney provided ineffective assistance of counsel by advising him to plead guilty and accept a sentence grossly disproportionate to the crime committed.

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983).  After a guilty plea, the only challenges remaining as a basis for federal habeas relief are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).

Petitioner's first two claims must be dismissed because they relate to the deprivation of constitutional rights that occurred before petitioner pled guilty.  Liberally construed, however, petitioner's claims that he was incompetent to plead guilty and that he was provided with ineffective assistance of counsel are cognizable.[1]

---

[1] Petitioner has included with his petition a copy of the transcript of a 2006 parole eligibility hearing at which petitioner was denied parole, as well as copies of summary decisions issued by the Superior Court, California Court of Appeal, and California Supreme Court, wherein petitioner's state habeas corpus petitions challenging the validity of the 2006 parole hearing were denied.  Petitioner sets forth no claims with respect to the parole hearing in the instant petition. Should petitioner seek to bring in federal court a collateral challenge to the constitutional validity of the parole hearing, he must do so by filing a separate federal petition for a writ of habeas corpus.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondents and respondents' counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents' counsel within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondents may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

3

1  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      6. Upon a showing of good cause, requests for a reasonable extension of time will be
3  granted as long as they are filed on or before the deadline they seek to extend.

4      IT IS SO ORDERED.

5  DATED: April 10, 2008

6                                MAXINE M. CHESNEY
                               United States District Judge

**United States District Court**
For the Northern District of California