August 17, 2008

MAXINE M. CHESNEY
United States District Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

NO. C07-4797 MMC (PR)

**FILED**
AUG 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Hon. Judge MAXINE M. CHESNEY:

Per your "ORDER TO SHOW CAUSE" dated and filed on Apr. 10, 2008, on page 2, line 15, you have cited a case, Haring v. Prosise, 462 U.S. 306, 319-320, 76 L Ed 2d 595, 103 S ct. 2368, on page 608, Exhibit A, United States Supreme Court Justice MARSHALL held, " In Tollett v. Henderson, we concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty." So the habeas review of the claim of the deprivation of constitutional rights that occurred before the plea of guilty was barred only on an intelligent and voluntary plea of guilty. It does not apply to unknowing, involuntary, and unintelligent plea of guilty. That is, it does not apply to incompetency to plead guilty. I was incompetent to plead guilty. So plea of guilty bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty does not apply to me. It means the first two claims (1) I have acted in self-defense; (2) the trial court erroneously ruled that my confession could be admitted against me are cognizable. It means that the Superior Court did violate the federal constitution, exclusion of the 2 evidences, ① the victim's threatening tape, ② the eyewitness person - my wife's testimony, that caused prejudice, an excusable, justifiable homicide turned out to be injustifiable, and I have pleaded guilty to the wrong charge - second degree murder, that has resulted in miscarriage of justice, that rendered the whole proceedings fundamentally unfair. Constitutional violation

1. (Continued on additional page P.2)

(To be continued from page 1)

probably resulted in conviction of one actually innocent. (Schlup v Delo (1995), 513 U.S. 298, 130 L Ed 2d 808, 115 S Ct 851. Tollett v. Henderson (1973), 411 U.S. 258, 36 L Ed 2d 235, 93 S Ct 1602). It is far worse to convict an innocent man rather than let a guilty man go free. (Winship (1970), 397 U.S. 358, 25 L Ed 2d 368, 90 S Ct 1068). I am writing this letter to you is for your reference when you shall compare the answer from the respondents' counsel and my traverse.

Respectfully submitted

*[signature]*

PENG, KUN SHAN

C.D.C. # : H-52106
Room # : 5N 93U

concerning the scope of federal habeas review of a criminal conviction based upon a guilty plea. See, e.g., Brady v United States, supra; Tollett v Henderson, supra; Blackledge v Perry, 417 US 21, 40 L Ed 2d 628, 94 S Ct 2098 (1974); Lefkowitz v Newsome, 420 US 283, 43 L Ed 2d 196, 95 S Ct 886 (1975); Menna v New York, 423 US 61, 46 L Ed 2d 195, 96 S Ct 241 (1975) (per curiam). In Brady, we reaffirmed that a guilty plea is not simply "an admission of past conduct," but a waiver of constitutional trial rights such as the right to call witnesses, to confront and cross-examine one's accusers, and to trial by jury. Brady, supra, at 747-748, 25 L Ed 2d 747, 90 S Ct 1463, citing Boykin v Alabama, 395 US 238, 242, 23 L Ed 2d 274, 89 S Ct 1709 (1969). For this reason, a guilty plea "not only must be voluntary but must be [a] knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances and likely consequences." Brady, supra, at 748, 25 L Ed 2d 747, 90 S Ct 1463.

[462 US 320]

We held that, because "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity," 411 US, at 266, 36 L Ed 2d 235, 93 S Ct 1602, Henderson was not entitled to a writ of habeas corpus on the basis of infirmities in the selection of the grand jury.

[21, 22] Our decisions subsequent to Tollett make clear that a plea of guilty does not bar the review in habeas corpus proceedings of all claims involving constitutional violations antecedent to a plea of guilty. A defendant who pleads guilty may seek to set aside a conviction based on prior constitutional claims which challenge "the very power of the State to bring the defendant into court to answer the charge brought against him." Blackledge v Perry, 417 US, at 30, 40 L Ed 2d 628, 94 S Ct 2098. Because a challenge to an indictment on grounds of prosecutorial vindictiveness was such a claim, we concluded that a federal court may grant the writ of habeas corpus if it found merit in that constitutional challenge. Id., at 30-31, 40 L Ed 2d 628, 94 S Ct 2098. We also applied this principle in Menna v New York, supra, in holding that a double jeopardy claim may be raised in federal habeas proceedings following a state-court conviction based on a plea of guilty. In Lefkowitz v Newsome, supra, we held that Tollett does not apply to preclude litigation of a Fourth Amendment claim subsequent to a guilty plea when the State itself permits the claim to be raised on appeal.

[19b, 23-26] Under our past decisions, as the District Court correctly recognized, a guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment. If does not follow, however, that a guilty plea is a "waiver" of antecedent Fourth Amendment claims that may be given effect outside the confines of the criminal proceeding. The defendant's rights under the Fourth Amendment are not among the trial rights that he

[462 US 321]

necessarily waives

when he knowingly and voluntarily pleads guilty. Moreover, our decisions provide no support for petitioners' waiver theory for the simple reason that these decisions did not rest on any principle of waiver. The cases relied on by petitioners all involved challenges to the validity of a state criminal conviction. Our decisions in Tollett and the cases that followed simply recognized that when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized. State law treats a guilty plea as "a break in the chain of events [that] preceded it in the criminal process," Tollett v Henderson, supra, at 267, 36 L Ed 2d 235, 93 S Ct 1602. Therefore, the conclusion that a Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty does not rest on any notion of waiver, but rests on the simple fact that the claim is irrelevant to the constitutional validity of the conviction. As we explained in Menna v New York, supra, at 62-63, n 2, 46 L Ed 2d 195, 96 S Ct 241:

"[W]aiver was not the basic ingredient of this line of cases. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." (Emphasis in original; citation omitted.)

[19c] It is therefore clear that Prosise did not waive his Fourth Amendment claims by pleading guilty in state court. The cases relied on by petitioners do not establish that a guilty plea is a waiver of Fourth Amendment claims. Moreover, the

[462 US 322]

justifications for denying habeas review of Fourth Amendment claims following a guilty plea are inapplicable to an action under § 1983. While Prosise's Fourth Amendment claim is irrelevant to the constitutionality of his criminal conviction, and for that reason may not be the basis of a writ of habeas corpus, that claim is the crux of his § 1983 action which directly challenges the legality of police conduct.[11]

---

11. Although petitioners also contend that a special federal rule of preclusion is necessary to preserve important federal interests in judicial administration, we fail to understand how any such interests justify the adoption of a rule that would bar the assertion of constitutional claims which have never been litigated. See Allen v McCurry, 449 US, at 95, n 7, 66 L Ed 2d 308, 101 S Ct 411; cf. Patsy v Florida Board of Regents, 457 US 496, 501-502, 512-513, 73 L Ed 2d 172, 102 S Ct 2557, and n 13 (1982); Kremer v Chemical Construction Corp., 456 US 461, 476, 72 L Ed 2d 262, 102 S Ct 1883 (1982). Petitioners allude generally to the interests that underlie the principles of collateral estoppel, such as the elimination of "the expense, vexation, waste, and possible inconsistent results of duplicatory litigation." Hoag v New Jersey, 356 US 464, 470, 2 L Ed 2d 913, 78 S Ct 829 (1958). Yet these interests are quite simply inapplicable to this case. When a court accepts a defendant's guilty plea, there is no adjudication whatsoever of any issues that may subsequently be the basis of a § 1983 claim. There is thus no repetitive use of judicial resources

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
( C.C.P. §§ 1013(A), 2015.5 )

I, PENG, KUN SHAN, declare:

I am over 18 years of age and I am party to this action. I am a resident of SAN QUENTIN STATE PRISON, in the County of Marin, State of California. My prison address is:

PENG, KUN SHAN, CDCR # : H-52106
Room # : 5N 93U
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

On August 19, 2008, I served attached: Interpretation concerning "ORDER TO SHOW CAUSE" dated and filed on Apr. 10, 2008 on the parties here-in by placing true and correct copies thereof, enclosed in a sealed envelope ( verified by prison staff ), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

MAXINE M. CHESNEY
United States District Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3483
Tel: (415) 522-2000

ARTHUR P. BEEVER
Deputy Attorney General
455 Golden Gate Avenue
Suite # 11000
San Francisco, California 94102-3664
Tel: (415) 703-5500

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 19, 2008

PENG, KUN SHAN  Declarant

PENG, KUN SHAN H-52106 Room: 5N93U
San Quentin State Prison, San Quentin
CA 94974

MAXINE M. CHESNEY
United States District Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco CA 94102
Tel: (415) 522-2000

