IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUN SHAN PENG, | No. C 07-4797 MMC (PR) |
| Petitioner, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| JAMES TILTON, Director of the California Department of Corrections; BEN CURRY, Warden, | **(Docket No. 13)** |
| Respondents. | |

On September 18, 2007, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has filed opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

On August 5, 1992, in the Superior Court of Santa Clara County ("Superior Court"),

petitioner pleaded guilty to second degree murder. (Resp.'s Ex. 1 at 9.)[1] On October 9, 1992, he was sentenced to a term of fifteen years to life in state prison. (Ex. 2.) Petitioner did not appeal his conviction or sentence. (Pet. at 3.)

On April 23, 1997, petitioner filed a petition for a writ of habeas corpus in the Superior Court. (Ex. 4.) On May 23, 1997, the court denied the petition. (Ex. 5.)

Also on April 23, 1997, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Ex. 3.) On July 30, 1997, the court denied the petition. (Id.)

More than nine years later, on November 16, 2006, petitioner filed a petition for a writ of habeas corpus in the Superior Court. (Trav. at 9.) On January 22, 2007, the court denied the petition as untimely. (Ex. 6.)

Thereafter, also in 2007, petitioner filed several more state habeas petitions. (Exs. 7-10.) Petitioner's final state habeas petition, filed in the California Supreme Court on May 4, 2007, was denied on August 29, 2007. (Ex. 11.)

On September 28, 2007, petitioner filed the instant petition, claiming his conviction is invalid because he acted in self-defense, the trial court erroneously ruled that his confession could be admitted against him, he was incompetent to plead guilty, and his attorney provided ineffective assistance. By order filed April 10, 2008, the Court dismissed the first two claims because they allege the deprivation of constitutional rights that occurred before petitioner pleaded guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to deprivation of constitutional rights that occurred before plea of guilty). Thus, the only claims at issue herein are petitioner's claims that he was incompetent to plead guilty and that he was provided with ineffective assistance of counsel.

---

[1] Unless otherwise noted, all exhibits referenced hereinafter are those filed by respondent in support of the motion to dismiss.

2

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Respondent moves to dismiss the instant petition on the ground it was filed in excess of the one-year limitations period. Specifically, respondent makes the following argument:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had one year from the date his state judgment became final by the conclusion of direct review to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Direct review in this case concluded on December 8, 1992, when the time to file a notice of appeal expired. *See* Cal. Rules of Court, rule 8.308(a) (defendant has 60 days from the time judgment is rendered to file notice of appeal). Thus, absent any tolling, petitioner had until December 8, 1993, to file a timely habeas corpus petition in federal court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).
>
> The AEDPA allows for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *accord, Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the

>clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Petitioner did not begin filing his state habeas corpus petitions [sic] April 23, 1997, over three years and four months after the limitations period had expired. Accordingly, the state collateral proceedings did not toll the statute. Petitioner did not file this petition until September 18, 2007, over 13 years and 9 months after the limitations period ended. Therefore, the petition is untimely and must be dismissed with prejudice.

(Mot. Dismiss at 3:9-28.)

In opposition, petitioner argues (1) statutory tolling renders the petition timely, and (2) even if the petition is untimely, he is entitled to consideration thereof because he is actually innocent of the charges in the underlying conviction and, consequently, a miscarriage of justice would occur if the instant petition is dismissed without reaching the merits. Respondent does not address either of petitioner's arguments and asserts reliance on the arguments made in the motion to dismiss. (Reply at 1:22-23.)

The motion to dismiss will be denied as respondent's argument is without legal support. Specifically, contrary to respondent's assertion that petitioner was required to file his petition in federal court by no later than December 8, 1993, the Ninth Circuit clearly holds that where, as here, a petitioner's conviction became final *prior* to AEDPA's enactment on April 24, 1996, the one-year statute of limitations began to run on April 25, 1996, and expired one year later, on April 24, 1997. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).[2] Consequently, under applicable Ninth Circuit case law petitioner had until April 24, 1997 to file a timely federal habeas petition.

Further, contrary to respondent's assertion that petitioner's state collateral proceedings could not have served to toll the statute of limitations because "[p]etitioner did not begin

---

[2]When, as in the instant case, a defendant does not seek direct review of his conviction, the conviction becomes final on the date the time for seeking direct review expires. Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). In California, a defendant has sixty days after the date of the superior court judgment in which to file an appeal to the California Court of Appeal. See Cal. Rule of Court 30(a)(1), 30.1. Here, judgment was entered in the superior court on October 9, 1992 (Ex. 2); thus, the conviction became final sixty days later, on December 8, 1992.

4

filing his state habeas corpus petitions [until] April 23, 1997, over three years and four months after the limitations period had expired," the record before the Court at this time shows that the noted filings were made one day *before* the date on which the statute of limitations expired, thereby arguably serving to toll the statute.

Accordingly, as respondent's arguments do not support a finding that the petition is untimely, and respondent has not addressed whether petitioner is entitled either to statutory tolling or to a determination of his claims because he is actually innocent of the underlying crime, the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Respondent's motion to dismiss the petition as untimely is hereby DENIED. (Docket No. 13.)

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a renewed motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent file such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: April 30, 2009

MAXINE M. CHESNEY
United States District Judge