United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUN SHAN PENG,<br><br>    Petitioner,<br><br>  vs.<br><br>JAMES TILTON, Director of the California Department of Corrections; BEN CURRY, Warden,<br><br>    Respondents.<br>_____ | No. C 07-4797 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>**(Docket Nos. 25 & 26)** |

On September 18, 2007, petitioner, a California prisoner then incarcerated at San Quentin State Prison[1] and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thereafter, respondent filed a motion to dismiss on the ground the petition is barred by the applicable one-year statute of limitations.  See 28 U.S.C. § 2244(d).  The Court denied the motion, finding respondent had incorrectly calculated the limitations period. (Order, filed Apr. 30, 2009, at 4:13-5:8.)  Now pending before the Court is respondent's renewed motion to dismiss the petition as untimely; petitioner has filed opposition thereto.[2]

**BACKGROUND**

---

[1] Petitioner currently is incarcerated at the California Substance Abuse Treatment Facility, in Corcoran.

[2] Petitioner's opposition is titled "Motion to Dismiss 'Respondent's Renewed Motion to Dismiss'".  (Docket No. 26.)

On August 5, 1992, in the Superior Court of Santa Clara County ("Superior Court"), petitioner pleaded guilty to second degree murder. (Mot. Dismiss Ex. 1 at 9.)[3] On October 9, 1992, he was sentenced to a term of fifteen years to life in state prison. (Mot. Dismiss Ex. 2.) Petitioner did not appeal his conviction or sentence. (Pet. at 3.)

On April 23, 1997, petitioner filed a petition for a writ of habeas corpus in the Superior Court. (Mot. Dismiss Ex. 4.) On May 23, 1997, the Superior Court denied the petition. (Mot. Dismiss Ex. 5.)

Also on April 23, 1997, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Mot. Dismiss Ex. 3.) On July 30, 1997, the Supreme Court denied the petition. (Id.)

More than nine years later, on January 22, 2007, the Superior Court denied another state habeas petition by which petitioner had challenged his conviction. (Mot. Dismiss Ex. 6.)[4]

Also in 2007, petitioner subsequently filed several additional state habeas petitions. (Mot. Dismiss Exs. 7-10.) Petitioner's final state habeas petition, filed in the California Supreme Court on May 4, 2007, was denied on August 29, 2007. (Mot. Dismiss Ex. 11.)

On September 28, 2007, petitioner filed the instant petition, claiming (1) his conviction is invalid because he acted in self-defense, (2) the trial court erroneously ruled his confession could be admitted against him, (3) he was incompetent to plead guilty, and (4) his attorney provided ineffective assistance.

---

[3] Unless otherwise noted, all of respondent's exhibits referenced hereinafter are those filed by respondent in support of respondent's first motion to dismiss (Docket No. 13), which exhibits respondent cites in support of the instant renewed motion to dismiss.

[4] In connection with the instant renewed motion to dismiss, neither party has provided evidence to document the date on which such petition was filed. In his opposition to respondent's prior motion to dismiss, however, petitioner asserted he had mailed a petition to the Superior Court on November 16, 2006 (Opp. (Docket No. 14) at 9), which, he stated, was denied by the above-referenced order (see id. (citing "Answer exhibit 6")).

2

**DISCUSSION**

A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The statute sets forth four different dates from which the limitations period may run. See 28 U.S.C. § 2244(d)(1)(A)-(D). The applicable statutory provision in the instant matter is § 2244(d)(1)(A), which provides that petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When, as in the instant case, a defendant does not seek direct review of his conviction, the conviction becomes final on the date the time for seeking direct review expires. Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). In California, a defendant has sixty days after the date of the superior court judgment in which to file an appeal to the California Court of Appeal. See Cal. Rule of Court 30(a)(1), 30.1. Here, judgment was entered in the Superior Court on October 9, 1992 (Mot. Dismiss Ex. 2); the conviction thus became final sixty days thereafter, on December 8, 1992. Because petitioner's conviction became final prior to AEDPA's enactment on April 24, 1996, the one-year statute of limitations began to run on April 25, 1996, and expired one year later, on April 24, 1997. See Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).[5] Consequently, under applicable Ninth Circuit case law, petitioner had until April 24, 1997 to file a timely federal habeas petition. Petitioner, however, did not file the instant petition until more than ten years later, on September 18, 2007. Accordingly, unless petitioner is entitled to statutory or equitable tolling of the statute

---

[5]When reviewing whether a petition has been timely filed under AEDPA, the court calculates the one-year period in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Specifically, under Rule 6, the day of the event that triggers the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

of limitations, the claims challenging the conviction are untimely.

B.     Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled, however, during the period between the date on which the relevant final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral challenge is filed. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, as noted, the statute began to run on April 25, 1996, and continued to run for 364 days, until the day petitioner filed state habeas petitions in the both the Superior Court and the California Supreme Court, on April 23, 1997. Although the Superior Court denied petitioner's habeas petition on May 23, 1997, the statute was tolled continuously until July 30, 1997, the date on which the California Supreme Court denied petitioner's habeas petition. See Carey v. Saffold, 536 U.S. 214, 219-20 (2006) (holding under § 2244(d)(2) one-year limitations period is tolled from time California prisoner files first state habeas petition until date on which state Supreme Court rejects final collateral challenge). Consequently, because the statute of limitations had run for 364 days before it was tolled, petitioner had one day, i.e., until July 31, 1997, to file a timely federal habeas petition. As petitioner did not file the instant petition until more than ten years thereafter, statutory tolling does not render the petition timely.[6]

C.     Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, --- S. Ct. ----, 2010 WL 2346549, *12 (U.S. June 14, 2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and

---

[6]Assuming petitioner filed a petition in the Superior Court on November 16, 2006, such filing did not initiate a new limitations period, nor is petitioner entitled to statutory tolling for any state habeas petition filed after the statutory limitations period expired on July 31, 1997. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.")

4

(2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. (internal quotation and citation omitted).

In his opposition to respondent's prior motion to dismiss, petitioner argued he suffered from a "mental disease" that "prevented [him] from understanding the nature of [the] proceedings" such that he "did not think of exerting legal action to submit the direct appeal." (Opp. at 6-7.) Based on petitioner's earlier argument, respondent, in the instant motion to dismiss, assumes petitioner is arguing he is entitled to equitable tolling on the basis of mental illness. Although petitioner, in his opposition to the instant motion, does not assert he is entitled to equitable tolling on the basis of mental illness or on any other ground, petitioner's wife has submitted exhibits on petitioner's behalf. Those exhibits include a declaration in which she states that petitioner, for the first four years of his incarceration, was overmedicated for depression, which led to petitioner's losing communication with his family for that period of time. (See Shiao-Lin Peng's Exhibits, received May 6, 2010, at 2).

In view of petitioner's pro se status, the Court will assume petitioner is reasserting his equitable tolling argument in his opposition to the renewed motion to dismiss. The Court need not decide, however, whether such circumstances qualify as extraordinary circumstances for purposes of equitable tolling. First, even if the Court assumes petitioner was unable to file a direct appeal due to mental illness, any such infirmity would not affect the running of the statute of limitations because petitioner's conviction became final on December 8, 1992 and, under AEDPA, the limitations period, as noted, did not start to run until more than three years later, on April 25, 1996. Further, if the Court assumes petitioner was unable, due to overmedication, to diligently pursue state court proceedings for the first four years of his incarceration, such circumstance would not explain why, following the California Supreme Court's denial of petitioner's first habeas corpus petition on July 30, 1997, petitioner waited more than nine years to file any further collateral challenge to his conviction.

Based on the above, the Court concludes equitable tolling does not render the petition timely.

D.     Actual Innocence

Lastly, petitioner argued in his opposition to respondent's prior motion to dismiss that all of his untimely claims should be allowed to proceed because he is actually innocent of the crimes for which he was convicted. Although petitioner has not raised such argument in his opposition to the renewed motion to dismiss, respondent has addressed the argument. The Court next addresses such argument as well.

A federal court may hear the merits of successive, abusive, or procedurally defaulted claims where the failure to hear the claims would constitute a "miscarriage of justice." Sawyer v. Whitley, 505 U.S. 333, 339-40 1992). As the Supreme Court explained in Schlup v. Delo, 513 U.S. 298 (1995), the exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327. To date, neither the Supreme Court nor the Ninth Circuit has decided whether AEDPA's statute of limitations is subject to such exception. See Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (reserving issue of whether actual innocence exception applies to time-barred petitions; remanding to district court to determine whether actual innocence claim established). Here, as discussed below, petitioner has identified no evidence that would support a claim of actual innocence, and, consequently, this Court likewise will not address the general availability of the exception.

In order for barred claims to pass through "Schlup's gateway," see id., a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup, 513 U.S. at 324. It is not enough that the evidence show the existence of reasonable doubt; the petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him" in light

of the new evidence. Id. at 329.

Here, none of petitioner's claims implicate the question of factual innocence as opposed to legal insufficiency. In particular, none of the claims contain allegations of factual innocence based on new reliable evidence that was not presented at the time of trial, nor has petitioner shown it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt based on any such evidence. Accordingly, the Court finds the actual innocence exception is not applicable herein.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely is hereby GRANTED.

This order terminates Docket Nos. 25 and 26.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: August 3, 2010

_____
MAXINE M. CHESNEY
United States District Judge